IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION
| | |
|---|---|
| BRANDON KERR LAGOS, | ) |
| Plaintiff, | ) |
| v. | ) CV 308-036 |
| ANTHONY WASHINGTON, Warden; MARY ALSTON, Doctor at Johnson State Prison; and GAIL POWEL, Health Services Administrator at Johnson State Prison, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

# I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Anthony Washington, Warden of JSP, (2) Mary Alston, doctor at JSP, and (3) Gail Powel, Health Services Administrator at JSP. (Doc. no. 1, pp. 1, 4).

Plaintiff states that in April of 2007, he was diagnosed with the Hepatitis C virus. (Id. at 5). In May of 2007, Plaintiff requested treatment for his illness. (Id.). He maintains that after three months of lab work and various medical tests, he completed a Hepatitis C pre-therapy program; this program is required before treatment can begin. (Id.). Plaintiff alleges that he was informed by the head doctor of the JSP medical staff, presumably Defendant Alston, that treatment for the Hepatitis C should begin within thirty (30) days of completing the pre-therapy program. (Id.). According to Plaintiff, after forty-five (45) days, his treatment still had not commenced. (Id.). Plaintiff then contacted Defendant Powel, the Health Services Administrator, by letter in an attempt to ascertain when his treatment would commence. (Id.). Plaintiff was informed by letter dated September 25, 2007, that all of his paperwork was complete, and that it would be faxed to Atlanta on September 28, 2007, for approval. (Id.). As of the date he signed his complaint, Plaintiff had not yet started his treatment for his illness. (Id.). Plaintiff alleges that this delay is causing irreparable damage to his liver. (Id.). He seeks immediate treatment of his disease and monetary damages. (Id. at 6).

## II. DISCUSSION

A.   **Defendant Washington**

While Plaintiff names Defendant Washington as a Defendant, he does not assert any allegations of wrong doing regarding this Defendant, in his statement of claims. In fact, Plaintiff does not mention Defendant Washington anywhere in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, – F.3d –, No. 07-10518, 2008 WL 2875804, *4 (11th Cir. July 28, 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Thus, in the absence of an allegation of any connection between any actions of Defendant Washington with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis alone, Defendant Washington could be dismissed.

However, even if Defendant Washington had specifically been mentioned as the individually-named Defendants' supervisor, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or

3

vicarious liability."[1] Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendant Washington was personally involved in Plaintiff's medical treatment.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Washington and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act

---

[1] By separate Order, the Court has directed that service of process be effected on Defendants Alston and Powel based on Plaintiff's medical deliberate indifference claim.

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has alleged neither with respect to Defendant Washington. Accordingly, Plaintiff's claims against Defendant Washington should be dismissed.

### III. CONCLUSION

For the reasons set forth above, Defendant Washington the Court **REPORTS** and **RECOMMENDS** that Defendant Washington be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 10th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE