IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BRANDON KERR LAGOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-036 |
| ) | |
| MARY ALSTON, Doctor at Johnson State ) | |
| Prison; GAIL POWEL, Health Services ) | |
| Administrator at Johnson State Prison; ) | |
| JOHN DOE, Utilization Management, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, has filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on September 10, 2008, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. The Court directed that service of process be effected on Defendants Mary Alston and Gail Powel. (Doc. no. 7). The Court also

recommended dismissal of Defendant Anthony Washington. (Doc. no. 8). The Court's recommendation was adopted by the District Judge. (Doc. no. 10). Thereafter, before any Defendants were served, Plaintiff filed a motion to amend his complaint. (Doc. no. 12). As Plaintiff is permitted to amend his complaint once as a matter of right, the Court directed Plaintiff to submit an amended complaint. Plaintiff submitted an amended complaint (doc. no. 20), and it is this document that the Court will now review.

## I. SCREENING THE COMPLAINT

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Mary Alston, doctor at JSP, (2) Gail Powel, Health Services Administrator at JSP; and (3) John Doe, Utilization Management Department with the Georgia Department of Corrections. (Doc. no. 20, pp. 1, 4).

Plaintiff states that in April of 2007, he was diagnosed with Hepatitis C. (Id. at 5). In May of 2007, Plaintiff requested treatment for his illness. (Id.). He maintains that after three months of lab work and various medical tests, he completed a Hepatitis C pre-therapy program; this program is required before treatment can begin. (Id.). Plaintiff alleges that he was informed by the head doctor of the JSP medical staff, Defendant Alston, that treatment for the Hepatitis C should begin within thirty (30) days of completing the pre-therapy program. (Id.). According to Plaintiff, after forty-five (45) days, his treatment still had not commenced. (Id.). Plaintiff then contacted Defendant Powel, the Health Services

2

Administrator, by letter in an attempt to ascertain when his treatment would commence. (Id.). Plaintiff was informed by letter dated September 25, 2007, that all of his paperwork was complete, and that it would be faxed to Atlanta. (Id.). However, on September 28, 2007, Plaintiff was told that his paperwork was not complete and had not yet been faxed to Atlanta. (Id.). Once the paper work was completed and faxed to John Doe for final approval, Plaintiff alleges that the paperwork remained in John Doe's possession unanswered, for fourteen months. (Id. at 7). Plaintiff further alleges that John Doe at Utilization Management Department with the Georgia Department of Corrections is the final decision maker concerning the approval of his medical treatment. (Id.). Therefore, as a result of his failure to take action on Plaintiff's paperwork, he (John Doe) denied Plaintiff medical treatment. (Id.). As of the date he signed his amended complaint, Plaintiff had not yet started his treatment for his disease. (Id.). Plaintiff alleges that this delay is causing irreparable damage to his liver. (Id.). Plaintiff has asserted these claims against Defendants in both their individual and official capacities; he seeks immediate treatment of his disease and monetary damages. (Id. at 6, 9).

## II. DISCUSSION

Plaintiff has attempted to sue all Defendants in their respective official and individual capacities for monetary damages. However, the Eleventh Amendment bars official capacity claims against state prison officials and/or the Georgia Department of Corrections for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In this case, Plaintiff's allegations relate to actions undertaken by Defendants while performing functions as state prison officials. Therefore, Plaintiff's official capacity claims for monetary damages are not

3

cognizable and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's official capacity claims for monetary damages be **DISMISSED** from this case.[1]

SO REPORTED and RECOMMENDED on this 4th day of February, 2009, at Augusta, Georgia.

*W. LEON BARFIELD*
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant John Doe based on Plaintiff's claim for alleged deliberate indifference to a serious medical need, and has directed Defendants Alston and Powel to file their pleadings in response to Plaintiff's amended complaint.

4