ORIGINAL

FILED
U.S. DISTRICT COURT
AU....... DIV.

2009 SEP 14 PM 1:02

CLERK 
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

BRANDON KERR LAGOS, )
)
        Plaintiff, )
)
    v. )        CV 308-036
)
MARY ALSTON, Doctor at Johnson State )
Prison, et al., )
)
        Defendants. )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison located in Wrightsville, Georgia, filed the

above-captioned case in the in the Southern District of Georgia pursuant to 42 U.S.C. § 1983.

Plaintiff is *pro se* and proceeding *in forma pauperis*. The matter is now before the Court on

Plaintiff's response to the Court's July 23, 2009 Order to show cause why Defendant John Doe

should not be dismissed. (Doc. no. 37).

Because he is proceeding *pro se*, the Court provided Plaintiff with some basic

instructions regarding the development and progression of his case on February 4, 2009.[1]

---

[1]Plaintiff was first provided these basic instructions on September 10, 2008, when the
Court reviewed Plaintiff's original complaint in conformity with the *in forma pauperis*
statute. The Court directed that service of process be effected on Defendants Mary Alston
and Gail Powel. (Doc. no. 7). However, before any Defendants were served, Plaintiff filed
a motion to amend his complaint. (Doc. no. 12). As Plaintiff is permitted to amend his
complaint once as a matter of right, prior to the filing of Defendants' answer, the Court
directed Plaintiff to submit an amended complaint. Pursuant to Plaintiff's amended
complaint, on February 4, 2009, the Court directed that service of process be effected upon

(Doc. no. 21). In those instructions, the Court explained that although the United States Marshal was directed to serve Defendant John Doe, Plaintiff was informed that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendant John Doe to effect service. (Id. at 4-5). Furthermore, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days to accomplish service. (Id.). Moreover, the Court directed that service of process be effected upon Defendants Alston, Powel, and John Doe based upon alleged violations of the Eight Amendment. (Id.). Although the United States Marshal was directed to serve Defendants, Plaintiff was informed that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendants to effect service. (Id. at 4). Importantly, Plaintiff was also informed that any Defendant not timely served within this 120-day period may be dismissed from this action. (Id.).

The Marshal attempted to effect service of process upon Defendant John Doe, identified as the individual at the Utilization Management Department with the Department of Corrections in Atlanta who received a fax sent from JSP on September 28, 2007 pertaining to Plaintiff and his medical care, at the address provided by Plaintiff. (See doc. nos. 20, 21, 27). However, the process receipt and return indicate that the Georgia Department of Corrections was unable to identify any individual based on the description provided by Plaintiff. (See doc. no. 27). Therefore, the Marshal was unable to effect service upon this

---

Defendant John Doe, Utilization Management Department with the Georgia Department of Corrections. (Doc. no. 21).

Defendant.[2]

On March 16, 2009, the Court reminded Plaintiff that he was responsible for determining the appropriate service address for John Doe so that he could be located to effect service. (Doc. no. 29). The Court directed Plaintiff to provide an appropriate service address where John Doe could be located so that he could be served within the 120-day period for effecting service of process, which expired on June 6, 2009. (Id. at 2-3). Plaintiff failed to respond to the Court's March 16th Order, and service was, therefore, not effected on John Doe within the 120-day time period dictated by Fed. R. Civ. P. 4(m). Consequently, on July 23, 2009, the Court issued an Order directing Plaintiff to show cause within ten (10) days why Defendant John Doe should not be dismissed without prejudice for failing to perfect service. (Doc. no. 36).

Presently before the Court is Plaintiff's response to the Court's July 23rd Order. (Doc. no. 37). Plaintiff now states that Defendant John Doe refers to the entire Utilization Management Team, a conglomerate of medical directors, medical administrators, health care personnel. (Id. at 6). Nonetheless, Plaintiff acknowledges that he has been unable to identify the individual within the Utilization Management team who was responsible for taking receipt of his medical request that is at issue in this case. Additionally, Plaintiff notes that the only address he has for the Utilization Management Team is the address he previously provided. Finally, Plaintiff's response also details Plaintiff's version of his case, and why he believes John Doe is important to his case.

---

[2]The other named Defendants have been served, have filed their answers, and have filed a motion for summary judgment that is ripe for review. That motion for summary judgement will be addressed in a separate Report and Recommendation.

As Plaintiff has been unable to determine the identity of Defendant John Doe and effect service within the period provided by the Court, the Court is not inclined to further delay the entry of a Scheduling Notice in this case by granting Plaintiff an indeterminate period to ascertain the identity of Defendant John Doe. As such, the Court **REPORTS** and **RECOMMENDS** that Defendant John Doe be **DISMISSED** without prejudice for failure to timely effect service.[3]

SO ORDERED this 14th day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Should the presiding District Judge adopt this Report and Recommendation, the Clerk will enter a Scheduling Notice in this action.